| iJONES, Judge,
dissents with written reasons:
The conclusion reached by the majority that this body cavity search is valid under Bell v. Wolfish is not supportable. Bell v. Wolfish addressed the issue of body cavity searches of inmates in a penal institution. Had this search occurred when the defendant had actually been booked at Central Lockup, the search might very well be considered valid. However, such is not the ease, thus the considerations discussed in Bell v. Wolfish do not apply.
Moreover, this ease presents even more compelling reasons for suppression of the evidence than State v. Fontenot. In State v. Fontenot, it was only after the two defendants had been detained and one of the detained defendants advised the arresting officer that the other defendant had secreted the bottle containing the illegally obtained pills in her vagina that the need for a body cavity search became apparent. However, in the instant case, the confidential informant had already allegedly informed the police officer that the females living in the house sometimes hid cocaine in their vaginas prior to the obtaining of the search warrant. Yet, this vital information was not included in the search warrant affidavit forming the basis for the search warrant. This is clearly a case where no reason existed for failing to obtain the authorization of a neutral and detached magistrate for the required search.
By speculating that a body cavity search would have been conducted when the defendant was booked at Central Lockup and the cocaine would have been found in her vagina at that time, this court gives police officers a mandate to ^bypass the neutral magistrate requirement in any ease where a defendant has been arrested. If in fact all defendants are subjected to body cavity searches when booked at Central Lockup, it is apparent that there was a complete lack of exigent circumstances justifying the search of the defendant’s vagina prior to taking the defendant to Central Lockup for booking.
This search does not fall under any of the exceptions to the warrant requirement. Consequently, the appellant’s motion to suppress the evidence seized pursuant to this illegal search should have been granted by the trial court.
I would reverse the appellant’s conviction, vacate the sentence imposed by the trial court, and remand the case to the trial court for a new trial.
Accordingly, I respectfully dissent.